UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

MARY G. FALCONE,
    DEBTOR

CASE NO. 07-10314-WCH
CHAPTER 13

# MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS PETITION

I. Introduction

The matter before the Court is the motion of Dartmouth Supply, Inc. ("Dartmouth") to dismiss the petition of Mary G. Falcone (the "Debtor") on the grounds that the Debtor failed to comply with 11 U.S.C. § 109(h)(3). Although the Debtor acknowledges that she did not comply with the statutory requirements, she asks that I exercise my discretion and find that she has substantially complied. For the reasons set forth below, I will enter an order granting the motion to dismiss.

II. Background

On January 19, 2007, the Debtor filed for relief under Chapter 13. On Form B1, p.2, the Debtor disclosed that she completed and signed Exhibit D and made it part of the petition. In Exhibit D, Individual Debtor's Statement of Compliance With Credit Counseling Requirement, the Debtor checked Statement No. 3. That Statement provides as follows:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be*

1

*accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

In support of this choice, the Debtor explained that she was unable to obtain counseling on the petition date as the foreclosure sale of her house was to be conducted that day and any counseling would have delayed the petition. She further explained that she intended to obtain counseling. The Debtor did not file a motion to accompany the form.

On January 22, 2007, the Court issued an Order to Update. Of the documents requested, one included the Certification of Credit Counseling or a Certified Request for an Extension of Time. The Order to Update reflected that these documents were due on February 6, 2007. Directly below the due date, the Order to Update provided that the due date may be subject to limitations set forth in 11 U.S.C. § 109(h).

On February 2, 2007, the Debtor filed her Certificate of Credit Counseling. The document reflects that the Debtor obtained counseling on February 1, 2007 at 5:37 p.m. On February 15, 2007, the Debtor filed another Exhibit D to her petition. In this exhibit, she checked off Statement No. 1 indicating that she received counseling within 180 days before the filing of the petition. Attached to this new Exhibit D was the Certificate of Credit Counseling that the Debtor filed on February 2, 2007.

On March 9, 2007, Dartmouth filed its motion to dismiss on the grounds that the Debtor failed to comply with 11 U.S.C. § 109(h)(1). Dartmouth explained that the Debtor did not obtain credit counseling before filing her petition and did not file a motion to obtain a waiver of her obligation to do so. Dartmouth contended that based upon the plain language in the statute, the case should be dismissed. It further argued that even if I were to consider applying a totality of

2

the circumstances test to the facts, dismissal would be warranted particularly in light of the fact that foreclosure should not be considered an exigent circumstance.

In her response, the Debtor explained that the applicable Exhibit D is the one she filed with her petition and not the one that was filed on February 15, 2007. The Debtor further explained that she failed to file an accompanying motion due to an oversight at her counsel's office. She provided the Court with a certificate of counseling within 15 days of the date of petition which she argues satisfies Fed. R. Bankr. P. 1007(b)(3).

With respect to the motion for exigent circumstances that she intends to file, the Debtor described that it was her estranged husband who approached counsel on January 17, 2007 to discuss the foreclosure which was to be held on January 19, 2007. Counsel contacted the Debtor on January 18, 2007. Debtor first heard of the foreclosure on January 17, 2007. It was not until the morning of January 19, 2007, that the Debtor and her counsel decided that she should file a petition in order to stay the foreclosure proceeding. The Debtor, however, was working out of state that day and was not aware until that evening of the credit counseling requirement. Despite several attempts, she was unable to reach credit counselors over the weekend.

On March 28, 2007, the Debtor filed a motion to extend the time for credit counseling and a certification of exigent circumstances that only her counsel signed. The motion does not contain a certification that the Debtor received or attempted to receive any counseling pre-petition. In the motion, the Debtor claimed that her failure to file for credit counseling prior to filing was due to oversight and the misunderstanding of a paralegal. She then offered the same chronology as was contained in her response to the motion to dismiss.

At the hearing on the dismissal motion and the Debtor's response, the parties repeated the

3

foregoing arguments. I took the matter under advisement. The following constitutes my finding of facts and conclusions of law.

III. Discussion

Dartmouth contends that no matter which standard I apply to interpret the requirements of 11 U.S.C. § 109(h), the facts of this case warrant dismissal. The Debtor contends that § 109(h) is not jurisdictional and that in exercising my discretion, I should deny the motion to dismiss. In support, the Debtor cites to *In re Manalad*, 360 B.R. 288 (Bankr. C.D. Cal. 2007). Discretion is appropriate, she contends, because she only discovered the foreclosure two days before the scheduled date and only received notice from her attorney about the filing after he filed the petition. Moreover, she argues, she complied with the counseling requirement after filing her petition. She then requests that if I do not rule in her favor that I dismiss the case instead of void the petition *ab initio*.

The statute provides that ". . . an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). The certification of such briefing must be filed with the petition or within 15 days. 11 U.S.C. § 521(b)(1) and Fed. R. Bankr. P. 1007(c). This section does not apply if there is no such counseling available, 11 U.S.C. § 109(h)(2)(A),[1] the debtor has obtained an extension, 11 U.S.C. §109(h)(3), or the debtor is

---

[1] This exception is not applicable in this district.

4

exempt from such counseling, 11 U.S.C. § 109(h)(4).[2]

Section 109(h)(3) provides for an extension of time to obtain the counseling if the debtor can demonstrate exigent circumstances warranting a waiver and that prior to filing the debtor attempted but could not procure counseling for five days after making the request. 11 U.S.C. §§ 109(h)(3)(A)(i) and (ii). The certification for an extension must be satisfactory to the court. 11 U.S.C. § 109(h)(3)(A)(iii). These three requirements are in the conjunctive. The extension provides the debtor with up to 45 days post-petition to complete the counseling.

The issue before the Court is whether the Debtor is entitled to a continuance to comply with 11 U.S.C. § 109(h)(1), pursuant to 11 U.S.C. § 109(h)(3), or whether her case should be dismissed or stricken for her failure to comply with the statute. Dartmouth argues that because the Debtor did not file a certification with respect to exigent circumstances and did not submit documentation that would demonstrate that she sought but was unable to obtain counseling pre-petition, her case should be dismissed. The Debtor counters that I should exercise my discretion and look to the totality of circumstances including the exigent circumstances of the case.

The vast majority of cases that have considered whether to grant a debtor a continuance to obtain credit counseling even though the debtor has failed to certify an attempt to obtain such counseling pre-petition, have ruled against the debtor for failure to comply with § 109(h)(3)(A)(ii). *See Clippard v. Bass*, 2007 WL 913929, at * 4 (W.D. Tenn March 13, 2007); *In re Duplessis*, 2007 WL 118945, at *3 (Bankr. D. Mass. January 11, 2007); *In re*

---

[2]Section 109(h)(4) provides for a total exemption from credit counseling if a debtor, on motion to the court, can demonstrate incapacity, disability or active military duty. There is no argument that this subsection is applicable to the Debtor.

5

*McBride*, 354 B.R. 95, 99 (Bankr. D. S.C. 2006); *In re Wilson*, 346 B.R. 59, 62 (Bankr. N.D. N.Y. 2006) (denying motion for exigent circumstances as debtors made no attempt to seek counseling pre-petition); *In re Carr,* 344 B.R. 774, 775 (Bankr. N.D. W.Va. 2006) (notwithstanding exigent circumstances, extension not warranted where no attempt to seek counseling pre-petition); *In re Latovljevic,* 343 B.R. 817, 822 (Bankr. N.D. W. Va. 2006); *In re Carey*, 341 B.R. 798, 802-03 (Bankr. M.D. Fla. 2006); *In re Raymond,* 2006 WL 1047033 (Bankr. D. N.H. April 12, 2006) (finding filer not entitled to exemption or extension as no representation about credit counseling); *In re Givhan,* 2006 WL 4451481, at *1 (Bankr. W.D. Mo. March 23, 2006) (ruling certification insufficient as failed to allege a request for counseling); *In re Dansby*, 340 B.R. 564, 568 (Bankr. D. S.C. 2006); *In re Tomco,* 339 B.R. 145 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134, 135 (Bankr. N.D. Ga. 2006); *In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. 2005); *In re Cleaver,* 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005); *In re Gee*, 332 B.R. 602, 604 (Bankr. W.D. Mo. 2005); *In re Watson*, 332 B.R. 740, 745-6 (Bankr. E.D. Va. 2005).

The Debtor is correct that when interpreting 11 U.S.C. § 109(h)(3), some courts have ruled that they may exercise discretion to determine compliance with the statute. *See, e.g., In re Hess*, 347 B.R. 489, 498 (Bankr. D. Vt. 2006). In considering two different debtors in a combined decision, the court in *Hess* ruled that it had discretion because a dismissal for ineligibility under 11 U.S.C. § 109(h) was governed by 11 U.S.C. § 707 which statute provided the court with discretion. *Id.* The debtors' lack of compliance in those cases was based upon extraordinary circumstances. The court applied a totality of circumstances test to determine whether dismissal was appropriate. *Id*; *see also, In re Manalad,* 360 B.R. 288, 296 (Bankr. C.D.

Cal. 2007 (ruling dismissal inappropriate as 11 U.S.C. § 521(i)(1) does not include 11 U.S.C. § 109(h) and applying discretionary standard more lenient than *Hess*);[3] *In re Parker*, 351 B.R. 790, 797 (Bankr. N.D. Ga. 2006); *In re Bricksin*, 346 B.R. 497, 502 (Bankr. N.D. Cal. 2006); *but see In re Hedquist*, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006) ("But because those requirements are mandatory, bankruptcy courts have no discretion but to dismiss the case when the debtor failed to file a certification in compliance with its provisions.") and *In re Ruckdaschel,*, 2007 WL 841592, at *8 (Bankr. D Idaho March 20, 2007) ("the bankruptcy courts' equity powers do not license the Court to rewrite statutes in favor of parties based on extenuating circumstances.").

I need not decide whether I have such discretion as dismissal is warranted whether the standard is strict application of the statute or an exercise of discretion. The Debtor made no attempt to comply with the requirements pre-petition. The circumstances were not extraordinary. The Debtor did not meet the requirements for an extension of time and did not comply with § 109(h)(1). As such, I cannot grant an extension of time and conclude that the Debtor is ineligible to be a debtor.

The second issue presented in this case is whether I must dismiss the case or whether I should rule that the petition should be stricken. There is a split of authority. A majority of courts have ruled that dismissal is the proper remedy on the grounds that because a bankruptcy court retains jurisdiction to decide eligibility, it has a case before it that can only be disposed of by way of dismissal. *Bass*, 2007 WL 913929, at *5 (W.D. Tenn March 13, 2007); *In re Gossett*, 2007 WL 1226629, at *11 (Bankr. N.D. Ill. April 24, 2007); *Wilson*, at 64-65; *In re Jones*, 352 B.R.

---

[3] 11 U.S.C. § 521(i)(1) provides for automatic dismissal if the debtor fails to file the documents listed in (a)(1) of that section. The credit counseling requirements are listed in subsection (b).

813 (Bankr. S.D. Tex. 2006); *In re Seaman*, 340 B.R. 698, 707 (Bankr. E.D. N.Y. 2006); *In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006); *Tomco*, 339 B.R. at 157.

The minority view is that because the debtor was ineligible to file, there is no case before the court and the petition must be stricken. Such a result, these courts contend *inter alia*, would also be consistent with 11 U.S.C. § 707, which does not provide that failure to seek credit counseling is grounds for dismissal, and an equitable remedy for the multiple filing penalties in 11 U.S.C. § 362. *See Adams v. Finlay,* 2006 WL 3240522, at *6 (S.D. N.Y. November 3, 2006) (ruling not *ultra vires* to strike petition); *In re Elmendorf,* 345 B.R. 486, 498 (Bankr. S.D. N.Y. 2006); *In re Carey*, 341 B.R. 798, 804 (Bankr. M.D. Fla. 2006) (ruling no case resulted in filing so no case to dismiss based upon § 301(a)); *In re Hawkins*, 340 B.R. 642, 645 (Bankr. D. Dist. Col. 2006); *In re Rios*, 336 B.R. 177, 180 (Bankr. S.D. N.Y. 2005).

In *Tomco*, the court explained that the courts which have stricken petitions have provided more commentary on the grounds therefor than those courts that have dismissed petitions for failure to comply with 11 U.S.C. § 109(h). 339 B.R. at 157. In reviewing the ground for striking, the *Tomco* court was unpersuaded with the use of § 707 because that section does not provide an exclusive list of cause for dismissal. *Id.* at 158. It was also unpersuaded that the automatic stay would not apply to cases where the eligibility defect might not be detected at the outset. *Id.* at 159; *see also* 11 U.S.C. § 362(b)(21)(A). It also agreed with the courts which had concluded that 11 U.S.C. § 109 is not a jurisdictional statute. 339 B.R at 159. I adopt those grounds and hold that dismissal is the proper remedy for failure to comply with 11 U.S.C. §109(h).

IV. Conclusion

For the reasons set forth above, I will enter an order granting the motion to dismiss.

*William C. Hillman* (signature)

William C. Hillman
U. S. Bankruptcy Judge

Dated: May 31, 2007